UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANAGLADYS GHIORSI, | Case No. 2:13-cv-00570-APG-PAL |
| Plaintiff, | ORDER |
| v. | (Mot. WD Counsel – Dkt. #22) |
| ACELERO LEARNING CLARK COUNTY, | (Mot Enforce Setlmt Agmt – Dkt. #27) |
| Defendant. | |

The court set a hearing on Plaintiff's Motion to Withdraw (Dkt. #22) on April 7, 2015. Kyle Tatum appeared on behalf of the Plaintiff who was not present, and Noel Eidsmore appeared on behalf of the Defendant. The court has considered the Motion and supporting affidavit, Defendant's Opposition (Dkt. #26) and Motion to Enforce Settlement Agreement (Dkt. #27) and the arguments of counsel at the hearing.

The motion represents that an irreparable conflict of interest has developed between Ms. Ghiorsi and the attorneys of Kang & Associates. Counsel advised Ms. Ghiorsi of a successful settlement which she previously authorized. Ms. Ghiorsi "denies the settlement" and "marched out of the office" during the meeting to go over the settlement agreement. Counsel for Plaintiff represents that he and his office have made numerous attempts to contact the Plaintiff telephonically and in writing, and notified the Plaintiff both telephonically and in writing of today's hearing. However, Plaintiff has not responded to any attempts to communicate with her.

During the hearing, the court inquired whether the draft settlement agreement attached as an exhibit to the motion to enforce settlement was the agreement that had been reached among counsel. Counsel for Plaintiff agreed that it was the form of agreement the parties had agreed to in reaching a resolution. Counsel for Plaintiff also represented that the law firm had accomplished the initial objectives of the representation which involved non-monetary issues.

1   However, after those objectives were obtained, Plaintiff also requested a financial component
2   which counsel agreed to pursue on her behalf.  Counsel represented to the court and opposing
3   counsel that the Plaintiff authorized counsel to enter into settlement negotiations with the
4   Defendant on terms that are memorialized in the settlement agreement attached to Defendant's
5   motion to enforce the settlement.  Counsel also represented that this grant of authority was
6   witnessed by another lawyer in the law firm.  However, in reviewing the settlement agreement
7   with the Plaintiff, she took the position that she had not authorized the settlement that counsel
8   reached.

9   Counsel for Plaintiff filed a Notice of Resolution (Dkt. #21) on February 19, 2015,
10  advising the court that this case had been resolved and that the parties expected to submit
11  dismissal paperwork for the court's approval within the next thirty days.  The notice of resolution
12  was filed the day before a response was due to the district judge's Order to Show Cause (Dkt.
13  #20) why this case should not be dismissed.  The order to show cause related that on August 8,
14  2014, Judge Gordon granted the parties' stipulation to set aside default in this case, but that the
15  parties had not filed any papers since then and appeared to have abandoned the litigation.  He
16  therefore required the parties to show cause on or before February 20, 2015, why this case should
17  not be dismissed.  The order directed the parties to submit a stipulation to dismiss if they had
18  resolved the case.  If not, the parties were required to file a status report by February 20, 2015.
19  The Order to Show Cause and warned the parties that if they failed to comply, the case may be
20  dismissed without further notice.

21  Defense counsel opposed the motion to withdraw arguing that a settlement was
22  negotiated in good faith and should be enforced on its terms.  Defense counsel also opposed
23  allowing Plaintiff's counsel to withdraw on the grounds that even if the Plaintiff obtained
24  substitute counsel, the Defendant may not be inclined to re-enter into negotiations over a matter
25  that had been resolved. Defense counsel indicated that Defendants would seek dismissal if the
26  settlement agreement was not enforced on the terms both counsel agreed to during negotiations.

27  Having reviewed and considered the moving and responsive papers, the arguments of
28  counsel and the docket in this matter,

**IT IS ORDERED** that:

1. Patrick W. Kang, Kyle R. Tatum and Erica D. Loyd of Kang & Associates' Motion to Withdraw (#22) is **GRANTED**.

2. The Plaintiff shall have until **April 28, 2015,** to file a response to the Motion to Enforce Settlement Agreement (Dkt. #27).

3. Plaintiff shall also have until **April 28, 2015,** to show cause why this case should not be dismissed for failure to prosecute, failure to appear at the hearing on the motion to withdraw, and failure to keep in touch with her counsel of record.

4. The Clerk of the Court shall serve the plaintiff with a copy of this order and a copy of Defendant's Opposition and Motion to Enforce (Dkt. ##26, 27) at her last known address:

    Anagladys Ghiorsi
    9552 W. Tropicana Ave.
    Las Vegas, NV  89147

5. Failure to timely comply with this order will result in a recommendation to the District judge that Plaintiff's complaint be dismissed for Plaintiff's failure to prosecute, failure to attend the hearing on the motion to withdraw, and failure to communicate with her counsel of record.

DATED this 7th day of April, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE