UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANAGLADYS GHIORSI,<br><br>                              Plaintiff,<br>v.<br><br>ACELERO LEARNING CLARK COUNTY,<br><br>                              Defendant. | Case No. 2:13-cv-00570-APG-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION** |

This matter is before the court on Plaintiff's failure to comply with this court's Order to Show Cause (Dkt. #29).

On February 10, 2015, Judge Gordon entered an Order to Show Cause (Dkt. #20) giving the parties until February 20, 2015, in which to explain why the case shouldn't be dismissed for the Defendant's failure to: file an answer and the parties' failure to submit a discovery plan and scheduling order and prosecute the case.

On February 19, 2015, the parties filed a Notice of Resolution (Dkt. #21) in response to the order to show cause, advising that the matter had been resolved and that dismissal paperwork would be received within the next thirty days.

On March 16, 2015, Plaintiff's attorneys filed a Motion to Withdraw (Dkt. #22) explaining that an irreparable conflict of interest had developed between Ms. Ghoirsi and the firm of Kang & Associates as she denied having reached a settlement and threatened to file complaints against the office of Kang & Associates.

On March 23, 2015, the undersigned set a hearing for April 7, 2015, on the Notice of Resolution (Dkt. #21) and the Motion to Withdraw (Dkt. #22). The order setting the hearing required Plaintiff to be present for the hearing.

On March 30, 2015, defense counsel filed an Opposition (Dkt. #26) to Plaintiff's Motion to Withdraw, and a Motion to Enforce Settlement Agreement (Dkt. #27).

The undersigned conducted the hearing on April 7, 2015, on Plaintiff's Motion to Withdraw (Dkt. #22).  Plaintiff Anagladys Ghiorsi was not present as ordered.  Plaintiff's counsel advised the court of multiple efforts to communicate with the Plaintiff by leaving messages and in writing.  Plaintiff's counsel represented that Plaintiff was advised both telephonically and in writing of the April 7, 2015, hearing.  However, Ms. Ghiorsi had not responded to any attempts to communicate with her.  The court also addressed Defendant's Motion to Enforce (Dkt #27) which was filed March 30, 2015. Plaintiff's counsel stated on the record that the draft settlement agreement attached to the motion to enforce settlement agreement was the agreed–upon form of settlement that had been reached.  However, in reviewing the settlement agreement with the Plaintiff, Ms. Ghiorsi took the position that she had not authorized the settlement, refused to sign it, and left the office.

The Motion to Withdraw (Dkt. #22) was granted orally at the hearing and in a written order was entered (Dkt #29).  Plaintiff was given until April 28, 2015, in which to file a response to the Motion to Enforce Settlement Agreement (Dkt. #27).  The court also ordered Plaintiff to show cause, no later than April 28, 2015 why this case should not be dismissed for failure to prosecute, failure to appear at the hearing on the motion to withdraw as ordered, and failure to keep in touch with her counsel of record.  The order warned that failure to timely comply with the order would result in a recommendation to the district judge that Plaintiff's complaint be dismissed.  To date, Plaintiff has failed to file a response to the motion to enforce the settlement agreement and failed to respond to the order to show cause or request an extension of time to comply with the court's order (Dkt #29).

Plaintiff's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff has willfully refused to comply with multiple court orders and the Local Rules of Practice.  The court will give the Plaintiff one **final**

opportunity to comply and will recommend that her complaint be dismissed if she still fails to file a response to the motion to enforce settlement and the court's order to show cause.

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** unless she files a response to the Order to Show Cause (Dkt. #29), and a response to the Motion to Enforce Settlement Agreement (Dkt. #27) no later than **May 26, 2015**.

DATED this 5th day of May, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE