UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANAGLADYS GHIORSI,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>ACELERO LEARNING CLARK COUNTY,<br><br>　　　　　　　　　　Defendant. | Case No. 2:13-cv-00570-APG-PAL<br><br>**ORDER TO SHOW CAUSE** |

　　　　This matter is before the court on Plaintiff's failure to respond to the Order to Show Cause (Dkt. #29), file a response to Defendant's Motion to Enforce Settlement Agreement (Dkt. #27) or file objections to a Report and Recommendation (Dkt. #30) entered May 5, 2015.

　　　　In an Order (Dkt. #29) entered April 8, 2015, I granted the motion of Plaintiff's counsel to withdraw. The motion represented that an irreconcilable conflict of interest had developed between the Plaintiff and her attorneys. Counsel represented that they had advised Ms. Ghiorsi of a successful settlement which she authorized. The motion stated that Ms. Ghiorsi "denies the settlement" and "marched out of the office" during the meeting to go over the settlement agreement. The motion to withdraw represented that counsel for Plaintiff and staff members had made numerous attempts to contact Ms. Ghiorsi telephonically and in writing, and had notified Ms. Ghiorsi both telephonically and in writing of the April 7, 2015, hearing on the motion to withdraw. However, Plaintiff did not respond to any attempts to communicate with her, and did not appear at the hearing.

　　　　During the hearing on the motion to withdraw, the court inquired of counsel for the Plaintiff whether the draft agreement attached as an exhibit to the motion to enforce settlement was the agreement that had been reached among counsel. Counsel for Plaintiff agreed that it was the form of agreement the parties had agreed to in reaching a settlement. Counsel for

Plaintiff also represented that the law firm had accomplished the initial objectives of the representation which involved non-monetary issues. However, after those objectives were obtained, Ms. Ghiorsi requested a financial component which counsel agreed to pursue on her behalf. Counsel for Plaintiff represented to the court and opposing counsel that Ms. Ghiorsi had authorized counsel to enter into settlement negotiations with the Defendant on terms that are memorialized in the settlement agreement reached which was attached as an exhibit to Defendant's motion to enforce the settlement. Counsel also represented that Ms. Ghiorsi's grant of authority was witnessed by another lawyer in the law firm. However, in reviewing the settlement agreement with Ms. Ghiorsi, she took the position that she had not authorized the settlement that counsel reached on her behalf.

Counsel for Plaintiff filed a Notice of Resolution (Dkt. #21) on February 19, 2015, advising the court that this case had been resolved and that the parties expected to submit dismissal paperwork for the court's approval within the next thirty days. The notice of resolution was filed the day before a response was due to the district judge's Order to Show Cause (Dkt. #20) why this case should not be dismissed. Judge Gordon's order to show cause related that on August 8, 2014, he had granted the parties' stipulation to set aside default in this case, but that the parties had not filed any papers since then and appeared to have abandoned the litigation. Judge Gordon therefore required the parties to show cause on or before February 20, 2015, why this case should not be dismissed. The order directed the parties to submit a stipulation to dismiss if they had resolved the case. If not, the parties were required to file a status report by February 20, 2015. The order to show cause entered by Judge Gordon warned the parties that if they failed to comply, the case may be dismissed without further notice.

At the hearing on the motion to withdraw, the court granted the law firm's request to withdraw as counsel of record for the Plaintiff. The order gave Plaintiff until April 28, 2015, to file a response to the Motion to Enforce Settlement Agreement (Dkt. #27), and also gave Plaintiff until April 28, 2015, to show cause why this case should not be dismissed for failure to prosecute, failure to appear at the hearing on the motion to withdraw, and failure to keep in touch with her counsel of record. The clerk of the court was directed to serve Ms. Ghiorsi with a copy of the order and a copy of Defendant's Opposition to the Motion to Withdraw (Dkt. #26)

and the Motion to Enforce (Dkt. #27) at her last known address: 9552 W. Tropicana Ave., Las Vegas, Nevada 89147. The order warned Plaintiff that failure to comply with this order would result in a recommendation to the district judge that her complaint be dismissed for failure to prosecute, failure to attend the hearing on the motion to withdraw, and failure to communicate with her counsel of record.

The clerk of court served the court's Order (Dkt. #29) and Defendant's Opposition and Motion to Enforce (Dkt. ##26, 27) as directed on the Plaintiff at her last known address. The court's order and these documents were not returned. Therefore, when Plaintiff failed to comply with the Order (Dkt. #29) the court prepared a Report and Recommendation (Dkt. #30) outlining the procedural posture of this case finding that Plaintiff's failure to comply with the court's orders is an abusive litigation practice that had interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources and threatened the integrity of the court's orders and the orderly administration of justice. The report and recommendation also found that sanctions less drastic than dismissal were unavailable because Plaintiff had willfully refused to comply with multiple court orders and the Local Rules of Practice. The report and recommendation gave Plaintiff one **final** opportunity to comply with the court's orders and advised her that I would recommend that her complaint be dismissed if she still failed to file a response to the motion to enforce settlement and the court's order to show cause. The report and recommendation recommended that Plaintiff's complaint be dismissed unless she filed a response to the Order to Show Cause (Dkt. #29) and a response to the Motion to Enforce Settlement Agreement (Dkt. #27) no later than May 26, 2015.

The docket reflects that copies of the report and recommendation were distributed "pursuant to the NEF." The notice of electronic filing indicates that the notice was delivered by mail to the Plaintiff at 9552 W. Tropicana Ave., Las Vegas, Nevada  89147. The report and recommendation was returned by the U.S. Postal Service with the notation "Insufficient address. Unable to forward."

The motion to withdraw filed by counsel for Plaintiff (Dkt. #22) contained a suite number for the Plaintiff at her 9552 W. Tropicana address. The court's prior Order (Dkt. #29)

3

served at the same address without the suite number and was not returned by the U.S. Postal Service. However, in an abundance of caution, the court will give the Plaintiff an additional and **final** opportunity to comply with the court's orders before recommending dismissal.

**IT IS ORDERED** that:

1. The Plaintiff shall have until **June 25, 2015,** to file a response to the Motion to Enforce Settlement Agreement (Dkt. #27).

2. The Plaintiff shall have until **June 25, 2015**, to show cause why this case should not be dismissed for failure to prosecute, failure to appear at the hearing on the motion to withdraw, and failure to keep in touch with her counsel of record.

3. The clerk of the court shall serve the Plaintiff with a copy of this order and a copy of Defendant's Opposition and Motion to Enforce (Dkt. ##26, 27) at her last known address, **and update the docket to reflect the suite number:**

   Annagladys Ghiorsi
   9552 W. Tropicana Ave.,
   Suite 1110
   Las Vegas, Nevada 89147
   (702) 873-0810

4. Failure to timely comply with this order will result in a recommendation to the district judge that Plaintiff's complaint be dismissed for her failure to prosecute, failure to attend the hearing on the motion to withdraw, failure to communicate with her counsel of record, and failure to comply with this court's order that she respond to the motion to enforce settlement agreement, and show cause for her failure to prosecute, failure to appear at the hearing on the motion to withdraw, and failure to keep in touch with her counsel of record as ordered.

5  The Report and Recommendation (Dkt. #30) which was returned by the USPS is **WITHDRAWN** to allow Plaintiff a final opportunity to comply with the court's orders**.**

DATED this 2nd day of June, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4